IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>      Plaintiff,<br><br>   v.<br><br>CENTRAL TOWING TRANSPORT; COUNTY OF ALAMEDA; CITY OF DUBLIN POLICE SERVICES; and 10 UNNAMED DEFENDANTS,<br><br>      Defendants.<br>_____/ | No. C 08-2138 CW<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u> |

    Plaintiff William J. Whitsitt requests leave to proceed <u>in forma pauperis</u> (IFP) pursuant to 28 U.S.C. § 1915(a).  The Ninth Circuit has indicated that leave to proceed IFP is properly granted only when the plaintiff has demonstrated poverty <u>and</u> has presented a claim that is not factually or legally frivolous within the

definition of § 1915(e)(2)(B).[1]  <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th Cir. 1990); <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987).  In the Ninth Circuit, the court grants or denies IFP status based on the plaintiff's financial resources and then independently determines whether to dismiss the complaint on the grounds that it is frivolous.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  An affidavit supporting IFP status is sufficient if it states that the plaintiff cannot, because of his poverty, pay the court costs and still provide himself and dependents with the necessities of life.  <u>Adkins v. E.I. Du Pont de Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948).

Plaintiff's IFP application states that he is not currently employed.  He lists January 10, 2008 as his last date of employment and states that when last employed he earned $3,000 in gross wages and $2,500 in net wages per month.

Plaintiff states that he does not have a bank account or any other assets.  Plaintiff did not answer the question, "Do you own any cash?"  Plaintiff does not explain how he can pay his monthly expenses of $450 for rent, $120 for utilities, $220 for food and

---

[1] Section 1915(e)(2)(B) states:

    . . . the court shall dismiss the case at any time if the court determines that--

    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief
             may be granted; or
        (iii) seeks monetary relief against a
             defendant who is immune from such
             relief.

2

$70 for clothing when he has no assets and no debt.

Therefore, Plaintiff's request for leave to proceed <u>in forma pauperis</u> is denied without prejudice. Plaintiff may refile his application with an explanation of how he pays his monthly expenses with no assets and without incurring any debt. Plaintiff shall also answer the question of whether he owns any cash and, if so, he shall state the amount. If Plaintiff wishes to refile his application, he must do so within one month from the date of this order.

Because the Court denies Plaintiff's IFP application, the merits of his claim are not addressed.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to proceed IFP is denied without prejudice.

IT IS SO ORDERED.

Dated: 5/6/08

_____
CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

        Plaintiff,

v.

CENTRAL TOWING TRANSPORT, ET AL. et al,

        Defendant.

Case Number: CV08-02138 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

Dated: May 6, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

4