1  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.
Bruce D.M. Prescott, Esq. CSB #120980
2  Daphne C. Lin, Esq.  CSB #193214
2201 Walnut Avenue, Suite 200
3  Fremont, California 94538
Telephone: (510) 790-0900
4  Facsimile: (510) 790-4856
E-mail: daphnelin@tatp.com
5

6  Attorneys for Defendant
Central Towing & Transport, LLC, erroneously sued as Central Towing Transport
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  WILLIAM J. WHITSITT,                    )   Case Number: C08-02138 JSW
                                           )
13                      Plaintiff,          )   Related Cases: C08-01802, C08-01803
                                           )   and C08-02139
14                                          )
   v.                                       )   **DEFENDANT CENTRAL TOWING &**
15                                          )   **TRANSPORT, LLC'S NOTICE OF**
                                           )   **MOTION AND MOTION TO**
16                                          )   **DISMISS**
   CENTRAL TOWING TRANSPORT, et al.         )
17                                          )   [FRCP 12(b)(6); 29 U.S.C. §1915(e)]
                        Defendants.          )
18                                          )   Judge:  Hon. Jeffrey S. White
                                           )
19                                          )   Hearing Date: October 24, 2008
   _____)   Time:            9:00 a.m.
20

21  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

22          NOTICE IS HEREBY GIVEN that on **October 24, 2008**, at **9:00 a.m.**, or as soon

23  thereafter as soon as counsel may be heard, in the above-referenced Court, defendant Central

24  Towing & Transport, LLC will and hereby does move the Court to dismiss this action pursuant to

25  FRCP 12(b)(6) and 29 U.S.C. §1915(e).

26          This Motion is made on the grounds that the complaint fails to state a claim on which a

27  relief may be granted and that the action is frivolous.  Central Towing & Transport, LLC

28  ("Central Towing") requests that the Court dismiss the action and award costs of suit to Central

---

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**
1

1  Towing pursuant to 29 U.S. C. §1915(f)(1).  The motion will be based upon this notice, the

2  Memorandum of Points and Authorities, and Request for Judicial Notice, filed concurrently

3  herewith, all pleadings and documents on file herein, and upon such oral and documentary

4  evidence as may be presented at or before the hearing on this Motion.

5

6  Dated: September 2, 2008                     TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.

7

8                                          By: _____
                                               Bruce D. M. Prescott
9                                              Daphne C. Lin
                                               Attorneys for Defendant
10                                             Central Towing & Transport, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2                                          **I.**

3                              **INTRODUCTION**

4        Plaintiff William J. Whitsitt ("Plaintiff") was driving with a suspended license when he

5    was pulled over by an officer from the Dublin Police Department.  Plaintiff was then arrested and

6    his vehicle impounded.  Subsequently, Plaintiff filed three separate lawsuits arising from this

7    incident.  In this *in forma pauperis* action, Plaintiff sues the defendants for false arrest, false

8    imprisonment, conspiracy and wrongful tow of his vehicle, among other things, in violation of

9    Plaintiff's constitutional rights under *42 U.S.C. §1983.*

10        As discussed in Central Towing's motion to dismiss in the related action, Plaintiff's

11   action against Central Towing is without merit because Central Towing towed and impounded

12   Plaintiff's vehicle pursuant to the instructions of Dublin Police with no knowledge of any alleged

13   impropriety or constitutional dispute.  Plaintiff's complaint does not and cannot allege any such

14   knowledge.  As such, there exists no legal or factual basis to support any theory for liability

15   against Central Towing.

16                                        **II.**

17                          **FACTUAL BACKGROUND**

18        Plaintiff asks that judicial notice be taken that this action is "completely different from

19   the other Actions and causes of action filed against other defendants" (Complaint at 19:19-20)

20   although no facts or explanations have been provided as to how the facts or causes of action are

21   different and it appears that this action arises from the same incident which occurred on March

22   23, 2008.  On that day, Plaintiff was driving his 1971 Dodge Powerwagon (the "Vehicle") on

23   Alcosta Boulevard in Dublin when an officer from the Dublin Police noticed that a trailer ball

24   partially obscured the rear license plate of the Vehicle and one of the brake lights was inoperable.

25   The officer proceeded to pull Plaintiff over and the Vehicle stopped on Davona Drive just north

26   of the intersection of Davona Drive and Alcosta Boulevard.  According to the officer, Plaintiff

27   acknowledged that his driver's license was suspended.  The officer ran a warrant check which

28   confirmed that Plaintiff's license was suspended or revoked, and that Plaintiff had an outstanding

---

1  warrant for violation of *California Vehicle Code* §14601.1(a).  Based on the above information,

2  the officer arrested Plaintiff and asked Central Towing to tow the Vehicle pursuant to *California*

3  *Vehicle Code* §14602.6.[1]  Central Towing was informed that the location of the Vehicle was at

4  the intersection of Davona and Alcosta Boulevard in Dublin, towed and impounded the Vehicle

5  from the described location. Central Towing followed all procedures in towing and impounding

6  the Vehicle.

7         As a result of Plaintiff's failure to pay the towing and storage fees and follow proper

8  administrative procedures to contest the lien sale, Plaintiff has not been able to regain possession

9  of the Vehicle.  Following an unsuccessful lien sale, the Vehicle is currently stored at one of

10  Central Towing's facilities.  Subsequently, Plaintiff filed three separate lawsuits (case numbers

11  ending with 1802, 2138 and 2139) alleging that his arrest as well as the towing and impounding

12  of the Vehicle were wrongful and constituted a violation of his constitutional rights.  Plaintiff is

13  seeking millions of dollars in damages in each lawsuit.

**III.**

**LEGAL ANALYSIS**

16         An action shall be dismissed if plaintiff's complaint fails to state a claim upon which

17  relief can be granted.  *Fed. Rul. Civ. Pro. 12(b)(6).*  A Rule 12(b)(6) motion is proper where there

18  is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable

19  legal theory.  *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699.  Further, to

20  prevent abusive or captious litigation, the court must dismiss an *in forma pauperis* action at any

21  time if it determines that the action is frivolous or fails to state a claim on which relief may be

22  granted.  *28 U.S.C. §1915(e)(2).*  A complaint is frivolous if it "lacks an arguable basis in law or

23  fact." *Neitzke v. Williams* (1989) 490 U.S. 319 at 325.  A finding of factual frivolousness is

24  appropriate when the facts alleged rise to the level of irrational or the wholly incredible, whether

[1] §14602.6 provides, in relevant parts, that "[w]henever a peace officer determines that a person was driving a vehicle while his driving privilege was suspended or revoked, the peace officer may immediately arrest that person and cause the removal and seizure of that vehicle ... A vehicle so impounded shall be impounded for 30 days."

1   or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*

2   (1992) 504 U.S. 25, 32-33. Courts may award costs to defendant where an *in forma pauperis*

3   action is dismissed under *28 U.S.C. §1915(e)*. *28 U.S.C. §1915(f)(1).*

4          In this current action, despite referring to Central Towing a "Co-Conspirator" (Complaint

5   at 5:17), there are no allegations of fact or causes of action of conspiracy other than a paragraph

6   which contains certain conclusory statements that "the named defendants did act pursuant to a

7   conspiracy under the color of state law" (Complaint at 19:7-8). Of the five causes of action

8   Plaintiff's complaint purportedly contains, Plaintiff alleges the First Cause of Action for

9   Wrongful Tow of Vehicle and Fifth Cause of Action for Denial of Forfeiture Hearing against

10  Central Towing. As discussed below, both of Plaintiff's causes of action against Central Towing

11  lack any arguable basis in law or fact, and fail to state a claim on which relief may be granted.

12  **A.    Plaintiff's First Cause of Action against Central Towing Must Be Dismissed.**

13               *1. The Complaint Fails to State Sufficient Facts.*

14         The complaint, brought under *42 U.S.C. §1983*, alleges that Plaintiff's constitutional

15  rights were violated because the Dublin Police had no probable cause to stop him and the stop

16  was outside of the Dublin Police's jurisdiction. Here, Plaintiff fails to allege any facts upon

17  which Central Towing should be liable other than a conclusory statement that "Central Towing

18  seized, towed and stored [his] Vehicle and is a named defendant and co-conspirator."

19  (Complaint at 5:16-17.) As discussed in Central Towing's Motion to Dismiss in the 2139 action,

20  inferences, generalities, presumptions and conclusions are insufficient in a pleading against a

21  party under the conspiracy theory. *117 Sales Corp. v. Olsen* (1978) 80 Cal. App. 3d 645, 650;

22  *see also Beliveau v. Caras* (C.D. Cal. 1995) 873 F. Supp. 1393, 1395-1396 (courts need not

23  accept as true conclusory allegations, unreasonable inferences or unwarranted deductions of fact).

24         First of all, according to *California Penal Code* §830.1(a)(1), the local peace officer's

25  authority extends to any place in the state as to any public offense committed or which there is a

26  probable cause to believe has been committed, within the political subdivision which employs

27  the peace officer. If a driving violation occurred within the city where the officer is employed or

28  if the officer has probable cause to believe that the violation was committed in the city employing

---

1  the officer, s/he is entitled to issue a citation. *People v. Cooper* (2002) 101 Cal. App. 4th Supp. 1

2  at 7 ("*Cooper*").   In *Cooper*, the defendant's challenge to his traffic violation cited by an officer

3  of the City of Los Angeles in the City of Beverly Hills for lack of jurisdiction was denied because

4  the officer began pacing the defendant in the City of Los Angeles and had a probable cause to

5  believe that the infraction was committed in Los Angeles. *Id*. at 7.  That is, even assuming

6  *arguendo* that the tow took place outside of Dublin and the tow operator knew, Plaintiff has

7  failed to and cannot allege that Central Towing knew or had reason to know where the officer

8  began pacing Plaintiff.

9       That is, without alleging that Central Towing knew at the time of the tow not only that the

10  Vehicle was stopped outside of Dublin and the pacing began outside of Dublin, but also that the

11  officer had no probable cause to believe Plaintiff's violations of the various *Vehicle Code*

12  sections were committed in Dublin, the Complaint fails to state sufficient facts to show that

13  Central Towing knowingly violated Plaintiff's constitutional rights by towing the Vehicle.

14             *2. Leave should not be granted.*

15       Although a court should construe a *pro se* plaintiff's pleadings liberally, such complaints

16  may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by

17  amendment. *Noll v. Carlson* (9th Cir. 1987) 809 F.2d 1446, 1448.  Here, Plaintiff cannot cure the

18  defect by alleging the tow operator "knew" that the Vehicle was outside of Dublin, because the

19  tow operator was told that the Vehicle was in Dublin and did not know or question whether the

20  Vehicle was indeed in Dublin or the adjacent San Ramon. (*See* Declaration of Tim Poole, ¶¶2-4;

21  Declaration of Nicole Schaa, ¶2, and ¶4 previously filed in support of Central Towing's Motion

22  to Dismiss in the 2139 action.)

23       Further, a private tow company is entitled to invoke the good faith defense when acting

24  under the direction of the police that specifically called for the tow, especially when the alleged

25  constitutional violation arose not from any act or omission by the tow company. *Clement v. City*

26  *of Glendale* (9th Cir. 2008) 518 F.3d 1090 at 1097; *see also Richardson v. McKnight* (1997) 521

27  U.S. 399, 413-414.  That is, to prevail against Central Towing under section 1983, a private tow

28  company, Plaintiff must allege and prove that Central Towing conducted the tow in bad faith.

---

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**

1  After all, one who innocently does an act that furthers the tortious purpose of another is not

2  acting in concert with him or her and thus cannot be held liable for conspiracy or the underlying

3  act. *Saunders v. Superior Court* (1994) 27 Cal. App. 4ᵗʰ 832, 846.  Plaintiff cannot allege any

4  bad faith on Central Towing's part because Central Towing was summoned and instructed by the

5  Dublin Police to tow the Vehicle and there is no fact to support any alleged constitutional

6  violation resulting from Central Towing's independent act or omission.

7  Because there exists no arguable basis in facts or law against Central Towing for any

8  constitutional violation, Plaintiff's Complaint against Central Towing should be dismissed with

9  prejudice.

10

**B.    There is No Legal or Factual Basis to Support Plaintiff's Fifth Cause of Action for Denial of Forfeiture Hearing.**

11

12  Plaintiff's Fifth Cause of Action alleges that his due process right was violated because

13  the Vehicle was sold without a forfeiture hearing despite "several demands"he made (Complaint

14  at 20:9-10)  Plaintiff's claim fails to state a claim under which relief can be granted as the vehicle

15  is not sold and is currently in storage pending this and the related actions.

16  Further, although the complaint does not appear to be challenging the constitutionality of

17  *Civil Code* §3072 under which the lien sale was held, this cause of action must be examined in

18  view of the particular statute.  *California Civil Code* §3072 requires that notice and an

19  opportunity for hearing be given prior to a lien sale.  Pursuant to the statute, a registered or legal

20  owner or any other person known to have an interest in the Vehicle can request a court hearing by

21  filing a Declaration of Opposition form within 10 days of the mailing date of the Notice of

22  Pending Lien Sale. *Cal. Civ. Code* §3072(c)(4)(C).  The statute passes the constitutional muster

23  because procedural due process requires only that notice and an opportunity for hearing before

24  the state may deprive a person of any significant property interest.[2]  *People v. Beverly Bail Bonds*

25  (1982) 134 Cal. App. 3d 906, 909 (citing *Fuentes v. Shevin* (1972) 407 U.S. 67, 80, 90 and

26

27  [2] Plaintiff's complaint cites *Peope v. One 1941 Chevrolet Coupe* (1951) 37 Cal. 2d 283
28  which in fact stands for the same legal principle that there can be no forfeiture of property
without notice to the owner and a hearing at which he can be heard. *Id.*, at 286.

1    *Adams v. Dept. of Motor Vehicles* (1974) 11 Cal.3d 146, 151).

2        The complaint does not, nor can it allege, that Central Towing failed to follow the

3 procedural requirements pursuant to *Civil Code* §3072. In fact, Plaintiff acknowledges that he

4 was given notice of the lien sale. (*See* Plaintiff's Motion for Reconsideration and Exhibit C filed

5 in support of the motion) More importantly, Plaintiff does not allege, nor has he attempted to

6 dispute, that Plaintiff was the one who failed to file a Declaration of Opposition to request for a

7 court hearing.

8        As there is no legal or factual basis to support Plaintiff's Fifth Cause of Action, this cause

9 of action must be dismissed without leave to amend.

10

11 **V.**

12 **CONCLUSION**

13        For all of the foregoing reasons, defendant Central Towing & Transport, LLC respectfully

14 requests that the Court grant this motion, dismiss the action against Central Towing & Transport,

15 LLC with prejudice, and award Central Towing & Transport its costs of suit as provided by law.

16

17 Dated: September 2, 2008          TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.

18

19            By: _____

20              Bruce D. M. Prescott
             Daphne C. Lin

21              Attorneys for Defendant
             Central Towing & Transport, LLC

22

23

24

25

26

27

28

---

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**

**DECLARATION OF SERVICE**
William J. Whitsitt v. Wheatfall, et al.
Case Number: C08-02138 JSW
Related Cases: C08-01802, C08-01803 and C08-02139

I, Carmen Ott, declare and say:

I am over the age of eighteen years and not a party to the within action. My business address is 2201 Walnut Avenue, Suite 200, Fremont, California, 94538.

On September 2, 2008, I caused to be served the following documents described as:

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**William J. Whitsitt**
**335 West Clover Road**
**Tracy, California    95376**

_____ (by personal service): I caused such envelope to be delivered by hand to the above address(es).

_____ (by facsimile): I caused the above-referenced document(s) to be transmitted to the above-named persons at each of their respective facsimile numbers listed above, a copy of which is attached hereto.

_____ (by overnight courier): I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

  XX   (by mail): I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on September 2, 2008.

_____
Carmen Ott